IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-03017-CMA-STV

FRED NEKOUEE,
Plaintiff,

v.

MIKI LLC,
Defendant.

## DEFENDANT MIKI LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes Now, Defendant MIKI, LLC (hereinafter "Defendant" or "MIKI") by and through its counsel of record, Timothy Murphy and Christopher Bryan of Hall & Evans, LLC, and hereby submits the following response to Plaintiff's Complaint:

1. Upon information and belief, Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4. With respect to the allegations contained in paragraph 4 of the Plaintiff's Complaint, Defendant admits that the Court has jurisdiction over the present action. Defendant denies the remaining allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. Upon information and belief, this Defendant admits the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 6 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

7. Upon information and belief, this Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Upon information and belief, this Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 9 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

10. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 10 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

11. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 11 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

12. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 12 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

13. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 13 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

14. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 14 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

15. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 15 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

16. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 16 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

17. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 17 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

18. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 18 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

19. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 19 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

20. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 20 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

21. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 21 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

22. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 22 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

23. Paragraph 23 of the Plaintiff's Complaint is a statement of law rather than an allegation of fact that does not require a response from this Defendant. To the extent a response thereto is required, this Defendant states that the law cited by Plaintiff speaks for itself. This Defendant denies the recitation of law cited by Plaintiff in paragraph 23 to the extent the same is inaccurate or incomplete.

24. Defendant admits the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 25 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

26. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 26 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

27. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 27 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

28. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 28 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

29. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 29, and all subparts thereto, of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

30. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 30 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

31. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 31 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

32. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 32 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

33. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 33 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

34. This Defendant is without sufficient information to form a belief as to the truth and/or veracity of the allegations contained in paragraph 34 of the Plaintiff's Complaint and, as such, denies said allegations at the present time.

35. Paragraph 35 of the Plaintiff's Complaint is a statement of law rather than an allegation of fact that does not require a response from this Defendant. To the extent a response thereto is required, this Defendant states that the law cited by Plaintiff speaks for itself. This Defendant denies the recitation of law cited by Plaintiff in paragraph 35 to the extent the same is inaccurate or incomplete.

36. Paragraph 36 of the Plaintiff's Complaint is a statement of law rather than an allegation of fact that does not require a response from this Defendant. To the extent a response thereto is required, this Defendant states that the law cited by Plaintiff speaks for itself. This Defendant denies the recitation of law cited by Plaintiff in paragraph 36 to the extent the same is inaccurate or incomplete.

37. Paragraph 37 of the Plaintiff's Complaint is a statement of law rather than an allegation of fact that does not require a response from this Defendant. To the extent a response thereto is required, this Defendant states that the law cited by Plaintiff speaks for itself. This Defendant denies the recitation of law cited by Plaintiff in paragraph 37 to the extent the same is inaccurate or incomplete.

38. Paragraph 38 of the Plaintiff's Complaint is a statement of law rather than an allegation of fact that does not require a response from this Defendant. To the extent a response thereto is required, this Defendant states that the law cited by Plaintiff speaks for itself. This Defendant denies the recitation of law cited by Plaintiff in paragraph 38 to the extent the same is inaccurate or incomplete.

39. This Defendant denies each and every allegation contained in the Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because Plaintiff lacks standing.

2. Plaintiff's claims are barred because, with respect to any particular architectural element of the Travelodge that departs from accessibility guidelines, the Defendants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

3. Plaintiff's claims are barred because the claimed violations are "de minimis," and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

4. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

5. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

6. Plaintiff's claims that the property is in violation of the ADA or Title 24 are barred to the extent the property was designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

7. Plaintiff's claims are barred because the alterations already made by Defendants are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

8. Defendants have made good faith efforts to comply with the ADA, including providing appropriate alternative access.

9. The requested modifications would impose an undue burden on Defendants.

10. The requested modifications would alter the nature of the goods, services, facilities, privileges, advantages or accommodations provided by Defendants.

11. The alterations sought may be technically infeasible.

12. The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the Colorado Constitution and the United State Constitution.

13. Defendants are not legally responsible for property that is not within its possession, custody or control.

14. Plaintiff has failed to mitigate his damages, if any.

15. Plaintiff's claims are barred by the applicable statute of limitations and/or statutes of repose.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests the Court to dismiss the same, and to award their costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems appropriate.

Dated this 14th day of January, 2019.

        HALL & EVANS, LLC
        *Original duly signed and on file at the*
        *offices of Hall & Evans, LLC\**

        *s/ Timothy M. Murphy*
        Timothy M. Murphy
        Christopher D. Bryan
        HALL & EVANS, LLC
        1001 17TH Street, Suite 300
        Denver, CO 80202
        303/628-3300 / 303/628-3368 / Fax
        murphyt@hallevans.com
        bryanc@hallevans.com
        **Attorneys for Defendant MIKI LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **DEFENDANT MIKI LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was served via CM/ECF on this 14th day of January, 2019, and thereby served upon the following parties:

Law Office of Robert Joseph Vincent
PO Box 792
Andover, KS 67002
vinczelaw@att.net

                                  *Original duly signed and on file at the offices of Hall & Evans, LLC*

                                  *s/ Robin Havens*_____