IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-03017-CMA-STV

FRED NEKOUEE,
Plaintiff,

v.

MIKI LLC,
Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on January 30, 2019 at 11:00 am.

Appearances:

| | |
|---|---|
| Robert J. Vincze | Timothy M. Murphy |
| Law Offices of Robert J. Vincze | Hall & Evans, LLC |
| PO Box 792 | 1001 17th Street, Suite 300 |
| Andover, Kansas 67002 | Denver, CO 80202 |
| Phone: 303-204-8207 | Phone: 303-628-3300 |
| Email: vinczelaw@att.net | Email: murphyt@hallevans.com |
| | |
| Attorney for Plaintiff Fred Nekouee | Attorneys for Defendant MIKI LLC |

### 2. STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff sues for injunctive and declaratory relief pursuant to Title III of the Americans with Disabilities Act and seeks the removal of barriers to access.

b. Defendant: Plaintiff's claims are barred because they are not readily achievable or are not alterations, or do not trigger an alteration legal standard.

### 4. UNDISPUTED FACTS

The following facts are undisputed.

### 5. COMPUTATION OF DAMAGE

Plaintiff does not seek monetary damages, only injunctive and declaratory relief, and an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Counsel for the parties have conferred several times in early December 2018 and early January 2019.

b. Names of each participant and party he/she represented: Robert J. Vincze for Plaintiff Fred Nekouee; Timothy M. Murphy for Defendant Miki LLC.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: February 1, 2019.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

e. Statement concerning any agreements to conduct informal discovery:

Counsel for the parties have agreed to meet to discuss the ADA Report by Defendant's consultant and Plaintiff's ADA Report by February 8, 2019.

2

3638362.1

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel have agreed on a unified numbering system, a joint repository for documents, and depositions by telephone.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  No.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed settlement, and have exchanged settlement proposals.

## 7. CONSENT

All parties have NOT consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.  None.

b.  Limitations which any party proposes on the length of depositions: 5 hours.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.  15.

d.  Other Planning or Discovery Orders

## 9.  CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings: March 22, 2019

b.  Discovery Cut-off: July 26, 2019

c.  Dispositive Motion Deadline: August 9, 2019

3

3638362.1

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 8, 2019.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 3, 2019.

    e.    Identification of Persons to Be Deposed:

        Plaintiff's and Defendant's respective ADA experts; the Plaintiff; the Defendant.

    f.    Deadline for Interrogatories: March 15, 2019.

    g.    Deadline for Requests for Production of Documents and/or Admissions: May 3, 2019.

### 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    Status conferences will be held in this case at the following dates and times:

        _____.

    b.    A final pretrial conference will be held in this case on _____ at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

3638362.1

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury: Trial to the Court, 2 days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

5

3638362.1

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/Robert J. Vincze (CO #28399)
Robert J. Vincze
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

Attorney for Plaintiff Fred Nekouee

s/Timothy M. Murphy (CO #35097)
Timothy M. Murphy
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3300
Email: murphyt@hallevans.com

Attorneys for Defendant MIKI LLC

6

3638362.1